IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERALD HARTMAN,

        Petitioner,

vs.                                    Case No. 15-3006-JTM

STATE OF GEORGIA,

        Respondent.

MEMORANDUM AND ORDER

In the present action, Petitioner Gerald Hartman, a prisoner held in the custody of the State of Kansas, seeks to remove from his criminal history a 1984 conviction in Georgia. Hartman asserts that he was not read his Miranda rights during the course of that case, but that his attorney "told [him] just to go with it that it was NO big deal." (Dkt. 1, at 1). Hartman makes no allegation that he made any timely appeal from the Georgia conviction. He does allege that, after his conviction in Kansas, he tried "address this situation" with "[s]everal letters and calls over the years" to Georgia state courts. (Dkt. 7, at 3). Hartman claims that he tried to formally challenge the convictions in the state courts in 2013 and 2014, but the courts of that state have simply refused to accept his challenges.

Hartman instead filed this action pursuant to 28 U.S.C. § 2254 in the United States

District Court for the Middle District of Georgia. Noting that Hartman was not in custody in Georgia on the 1984 conviction, and was essentially challenging the use of that conviction to enhance his sentence in Kansas, the Georgia District Court transferred the matter to the District of Kansas. (Dkt. 10).

Hartman's federal challenge to the 1984 Georgia conviction, coming some three decades after the event, is barred by one-year statute of limitation provided by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012) ("a state prisoner has one year to file a federal petition for habeas corpus relief, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review'") (quoting 28 U.S.C. § 2244(d)(1)(A)); *Gladney v. Pollard*, 799 F.3d 889, 893 (7th Cir. 2015).

This limitations period may be tolled if the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (internal quotations omitted). To receive equitable tolling, the petitioner at the very least must show thhat extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. Appx. 839, 840 (9th Cir.2005). Here, Hartman allowed decades to pass before attempting any formal challenge to the Georgia conviction (even assuming that such challenges in fact were ever attempted). This fails to meet the standard required for tolling the statute of limitations.

Further, the Supreme Court held *Daniels v. United States*, 532 U.S. 374, 381, 384 (2001)

that a federal prisoner cannot use § 2255 as a means to collaterally attack facially valid prior state convictions used to enhance a current federal sentence. The Court observed that a prisoner's "vehicles for review ... are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default ... operate to limit access to review on the merits of a constitutional claim." *Id.* (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)). The Court subsequently observed that the same considerations justified some limitation on the ability of state prisoners to challenge earlier convictions used as sentence enhancements:

> Accordingly, as in *Daniels*, we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *See Daniels*, [532 U.S. at] 382[.] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Atty. v. Cross*, 532 U.S. 394, 403-04 (2001).

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue ... only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Pursuant to this standard, this Court concludes Hartman is not entitled to a certificate of appealability with respect to this Petition.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2016, that the Petitioner's Motion for Leave to Proceed In Forma Pauperis (Dkt. 8) is hereby denied, and the present action is hereby dismissed.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE